The opinion of the Court was delivered by
M'üNRO J.
The only question we deem it necessary to consider in this case, is whether the facts set forth in the special verdict, sustain the legal conclusion the Recorder has deduced from them.
The language of the ordinance which the defendant is charged with having violated is as follows: “ That it shall not be lawful for any person or persons, to institute or establish any building, lot, or enclosure, within the city, as* a house, or place, for the reception, or accommodation of the slaves of other parties, for entertainment, safe keeping, correction or sale,” &c.
Let us now look at the special verdict, and see if the jury *183 have found the defendant guilty of all or any of the prohibited acts enumerated in this municipal statute/
Instead, then, of its appearing in the special verdict, that the defendant has.been guilty of “establishing a building, lot, or enclosure, within the city, as a house or place for the reception or accommodation of the slaves of other parties, &c.,” all that we find is, “ that the said Thomas N. Gadsden is a broker, residing in the city of Charleston, and that his place of business is at the corner of Chalmers and State streets;” and instead of its further appearing that in the building, lot, or enclosure so erected or established by the' defendant in violation of the said ordinance, the said defendant has also been guilty of accommodating the slaves of other persons sent to him for safe keeping or sale, we merely'find “that the said Gadsden, as a part of his business is engaged in the purchase and sale of slaves, and provides shelter and clothing for such negroes as may be left with him for sale,” &c.; but whether he provides accommodation and entertainment, food and shelter, for said slaves, at his place of business, at the corner of Chalmers and State streets, at his place of residence, at one of the public hotels, or at the workhouse, no where appears upon the face of the verdict. >
This being the case then, it is manifest, that there is not a solitary act that has been found by the jury against the defendant, that can in any conceivable point of view, be construed into a violation of this ordinance.
Now, whatever may'have been the policy that dictated the ordinance in question — whether it was with the view of prohibiting the setting up of rival establishments to the work house — or, whether it was suggested by the danger that might result from congregating together in private establishments, large gangs of slaves, of vicious characters and depraved habits, and where they might be beyond the reach of municipal supervision, it is not our province to inquire: our province is confined exclusively to the application of the law, as we com *184 prebend it, to tbe facts of tbe case, as they have been found by the jury. In tbe discharge of this duty, we are admonished by a salutary rule of law, that penal statutes are not to be enlarged by construction, but on the contrary, must receive a strict interpretation, so that no man .shall be held to incur a penalty, unless the act which subjects him to it, is clearly both within the spirit and the letter of the statute imposing it; for, as was remarked by Ch. J. Best, in the case of Fletcher v. Saunders, 3 Bingh. 58, “If this rule be violated, the fate of an accused person is decided by the arbitrary discretion of judges, and not by the express authority of the laws.”
Testing the Recorder’s judgment by this rule, we are of opinion, that it is not sustained by the facts as found by the special verdict, so that the motion to reverse it must be granted, and that a venire facias de novo do issue. And it is so ordered.
O’Neall, Wardlaw, Withees, Whxtner, and Gloyee, JJ., concurred.

Motion granted.